IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICH AUREL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-20-2348 |
| LARRY HOGAN, *et al.*, | * | |
| Defendants. | *** | |

### MEMORANDUM

On August 14, 2020, the court received a prisoner civil rights action (ECF 1) and motion for leave to proceed in forma pauperis (ECF 2) filed by the self-represented plaintiff, Mich Aurel, a prisoner confined at the North Branch Correctional Institution. Aurel claims that he has been denied a kosher religious diet from 2015 through 2020. He states that his food is provided "without Kosher Certification and packaging is not intact" and that inmates prepare Kosher meals and he "believe[s] that there is cross contamination with non-kosher foods." ECF 1 at 4. He also complains about the quantity, quality and variety of kosher meals. *Id.*

Aurel has filed approximately 50 actions in this court over the past nine years. In three of the cases Aurel was granted leave to proceed in forma pauperis pursuant to the provisions of 28 U.S.C. § 1915(a). The cases were dismissed as frivolous or for the failure to state a claim. Aurel has repeatedly been notified that the dismissals constituted "strikes" under § 1915(e),[1] and that a prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a

---

[1] *See, e.g., Mich v. Nice, et al.*, Civil Action No. JKB-14-1397; *Aurel v. Gainer, et al.*, Civil Action No. ELH-15-1750; *Aurel v. Jones, et al.*, ELH-15-1928; *Aurel v. NBCI, et al.*, Civil Action No. ELH-16-0850; *Aurel v. NBCI, et al.*, Civil Action No. ELH-16-0851; *Aurel v. Vanskiver*, Civil Action No. ELH-19-2756; and *Aurel v. Kammauf, et al.*, Civil Action No. ELH-20-0511.

court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[2]

Aurel's case is subject to review under 28 U.S.C. § 1915(g). Therefore, he may not proceed in this action unless he (1) submits the $400.00 civil filing fee or (2) moves to proceed in forma pauperis and provides particularized factual allegations establishing that he is subject to imminent danger of serious physical injury.

Aurel's allegations that defendants are failing to provide kosher meals do not constitute imminent danger of serious physical injury. The court notes that Aurel raised similar claims of a denial of kosher meals in *Aurel v. Kammauf, et al.*, Civil Action No. ELH-20-0511. In that action, the court examined Aurel's claims and found that he failed to provide factual allegations that he is subject to imminent danger of serious physical injury and denied his motion to proceed in forma pauperis. *Id.*, ECF 8; ECF 9.

There is no basis for granting Aurel review of his current claims under the § 1915(g) exception. Aurel is forewarned that should he attempt to file future civil rights actions in this court, he must pay the civil filing fee. In the alternative, a complaint filed with an indigency application must demonstrate that Aurel is in imminent danger of serious physical harm.

---

[2] Specifically, §1915g) mandates:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Accordingly, Aurel's motion to proceed in forma pauperis shall be denied and his Complaint shall be dismissed, without prejudice, by separate Order.

Date: November 3, 2020                    /s/
                                          Ellen L. Hollander
                                          United States District Judge